# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

JACKIE MOORE                                                                               PLAINTIFF

V.                                                       CIVIL ACTION NO.: 3:13-CV-267-MPM-SAA

LIPSCOMB OIL COMPANY, INC.                                                  DEFENDANT

## ORDER

The defendant Lipscomb Oil Company, Inc. has filed a motion *in limine* to exclude all of

plaintiff's expert treating physicians.  Docket 117.  In response, the plaintiff Jackie Moore argues

that Lipscomb's motion is untimely and should have been filed before the motions deadline of

September 29, 2014.  Docket 123.

As a critical point in this litigation, Lipscomb cites Moore's allegation that her

employment with Lipscomb was terminated *after* she informed Lipscomb that she had been

diagnosed with lung cancer.  Docket 117.  Lipscomb argues Moore did not provide medical

documentation through initial disclosures, supplemental core disclosures, or expert designations

to prove she was diagnosed on or before the date she was terminated and that, except for a couple

of dozen pages of medical documents, Moore has failed to produce any medical documentation

of any kind.  Lipscomb claims it will be unfairly prejudiced if Moore is allowed to offer this

medical documentation or testimony for the first time at trial.

Lipscomb asserts that Moore has ignored the initial disclosure requirements governing

anticipated testimony of treating physicians imposed by 26(a) of the Federal Rules of Civil

Procedure.  Docket 117.   Rule 26(a)(1)(A) dictates that a party must, without awaiting a

discovery request, provide to the other parties:

> (i) the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses . . .;
> (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support is claims or defenses . . ..

Both Fed.R.Civ. P. 26(a)(2)(C) and Uniform Local Civil Rule 26(a)(2)(D) require that if a party intends to offer expert testimony through a treating physician, she must provide both the subject matter of the expert testimony and a summary of the facts and opinions expected to be offered through the witness. Rule 26(e) requires that a party supplement its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED.R.CIV.P. 37(c). The purpose of these disclosure requirements is to "eliminate unfair surprise to the opposing party." *Hill v. Koppers Indus.*, 2009 U.S. Dist. LEXIS 98798, at *38 (N.D.Miss. Sept. 30, 2009), citing *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007).

In addition to initial disclosures, L.U.Civ.R. 26(a)(2) requires that

> [a] party must make full and complete [expert] disclosure as required by Fed.R.Civ.P. 26(a)(2) and L.U.CIV.R. 26(a)(2)(D) no later than the time specified in the case management order . . . . Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial . . ..

2

(D) A party must designate physicians and other witnesses who are
not retained or specially employed to provide expert testimony but
who are expected to be called to offer expert opinions at trial.  No
written report is required from such witnesses, but the party must
disclose the subject matter on which the witness is expected to
present evidence under FED.R.EVID. 702, 703 or 705, and a summary
of the facts and opinions to which the witness is expected to testify.
The party must also supplement initial disclosures.

It bears emphasizing that the requirement to provide "a summary of the facts and opinions

to which the witness is expected to testify" applies only to witnesses who are called to offer

*expert* testimony.  *See Estate of Sims v. City of Aberdeen*, 2011 WL 132362 *4-5 (N.D. Miss.

January 14, 2011).  Even if a treating physician has not been designated as an expert but has been

properly identified as a witness, he or she may testify as a fact witness but may not express

opinions not contained in Moore's medical records.  *Doss v. NPC Int'l*, 2010 U.S. Dist. LEXIS

85583 (N.D. Miss. July 20, 2010) (limiting testimony of treating physician because designation

of physician as expert failed to comply with requirements of L.U.CIV.R. 26), citing *Duke v.

Lowe's Home Centers*, 2007 U.S. Dist. LEXIS 80415 (N.D. Miss. Oct. 19, 2007) (without an

expert report, the treating physician's testimony was "limited to those facts and opinions

contained in [the] medical records").

Here, Moore produced minimal records.  Her designation merely states as to each

physician in question that he will testify that he prescribed medication for Moore after her

termination; the designation then goes on to say that each doctor will testify "consistent with

medical records generated from his office which will be supplemented in Plaintiff's supplemental

core disclosures." Docket 117, pp. 2-3.  Not having access to them, the court is not in a position

to determine whether or not the records which plaintiff produced or disclosed to Lipscomb

contain opinions.

The Fifth Circuit has provided four factors that must be considered when determining whether expert testimony may be stricken. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). The four factors are: (1) the explanation, if any, for the party's failure to comply with the . . . order; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony. *Id.*

In response, Moore has argued that Lipscomb's motion is untimely and should have been filed before the motions deadline on September 29, 2014. Docket 123. However, the motion is not a *Daubert*-type motion challenging the expert's qualifications or the evidentiary sufficiency of the expert's opinions as covered by the September 29, 2014 deadline. Instead, it takes the form of a true motion *in limine* challenging the introduction of evidence that has not been produced or disclosed as required by both the applicable Federal Rule and Local Rules.

Considering the *Barrett* factors, the court finds Lipscomb would be unduly prejudiced if Moore's treating physicians were allowed to testify to opinions or materials not previously provided to defendant. In her response, Moore has offered no legitimate explanation for this failure to provide medical documentation or complete summaries of facts and opinions she anticipates the physicians to offer. The court has ruled on this issue numerous times in the past, and it is well established in this district that merely referring to or incorporating by reference a party's medical records does not comply with the rules' mandates that the party provide a summary of the facts known to and opinions held by a treating physician. *See, e.g., Doss v. NPC Int'l, Inc.*, 2010 WL 2900422 (N.D. Miss) (ruling designations did not comply with Rule 26); *see*

*also Penna v. Dollar Tree Stores, Inc.*, 2013 WL 664861 (N.D. Miss 2013); *cf. Previto v. Ryobi North America, Inc.*, 2010 WL 5185055 (S.D. Miss) (applying the same analysis to Uniform Local Rules). Plaintiff's counsel is well familiar not only with the rules of the court but also with this judge's expectations of strict compliance[1] with those rules to avoid this very scenario.

The court nevertheless recognizes that the testimony of Mrs. Moore's treating physicians may prove critical to this case. Indeed, if these physicians are offered as fact witnesses only, neither Fed.R.Civ.P. 26(a) nor U.L.Civ. R. 26(a)(2)(D) applies. As a result, Mrs. Moore's treating physicians will be allowed to testify, *but only to only the facts and opinions contained in the medical records that were timely produced to Lipscomb*. It is

**ORDERED**

that Lipscomb's motion to exclude all of plaintiff's expert treating physicians is granted in part and denied in part as detailed above.

This the 10th day of March, 2015.

s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE

---

[1] The court emphasizes that expectation not only in written orders in every case, but also verbally at every Case Management Conference, which the court conducts in person with counsel at the beginning of litigation.